UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TONY RILEY,

                                  Plaintiff,

    v.

                                                          5:19-CV-1451

STACI DENNIS TAYLOR, Asst.                                (BKS/ATB)
District Attorney; and ONONDAGA
COUNTY SEX OFFENDER OFFICE,

                                  Defendants.

TONY RILEY, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

# ORDER and REPORT-RECOMMENDATION

The Clerk sent to the court for review a civil rights complaint, together with a motion to proceed in forma pauperis ("IFP"), filed by plaintiff Tony Riley. (Complaint "Compl.") (Dkt. No. 1, 3).[1] Plaintiff subsequently filed an amended complaint. ("AC") (Dkt. No. 5).

## I.    IFP Application

As to plaintiff's IFP application, the court finds that plaintiff has demonstrated sufficient economic need, and he has filed the appropriate information. Therefore, plaintiff has met the financial criteria for proceeding IFP.

However, in addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth

---

[1] When plaintiff initially filed this action, he neglected to include his motion for IFP status. Thus, the action was administratively closed pending plaintiff's submission of the appropriate application. (Dkt. No. 2). Plaintiff has now filed a proper motion to proceed IFP (Dkt. No. 3), the case was reopened (Dkt. No. 4), and the court may now conduct its initial review.

in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*,

550 U.S. at 555).

II. **Complaint and Amended Complaint**

Although plaintiff's complaint was confusing, it appeared that he was challenging his current incarceration, which appears to be based upon his failure to comply with sex offender registration requirements. Shortly after filing his original complaint, plaintiff filed an amended complaint, which appears to state the same claims in a slightly different fashion. (AC at pp. 1-5).[2] Plaintiff has also attached a variety of administrative requests that he has made at the Onondaga County Justice Center, together with the administrative responses. (AC at pp.5-25).

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend a pleading once as a matter of course twenty-one (21) days after serving it. Fed. R. Civ. P. 15(a)(1)(A). This plaintiff is proceeding IFP, and the court has not yet ordered service, thus, plaintiff may submit his amended complaint as a matter of course. The court will, therefore, consider plaintiff's amended pleading as the operative pleading in this case. However, the court will read and cite to both complaints in order to determine what plaintiff might be attempting to claim.

In his amended complaint, plaintiff alleges that on April 17, 1999, he was charged with sex abuse, "no investigation [and] no evidence," but he pled guilty to sex abuse and a weapons charge. (AC ¶ 4 - Facts). Plaintiff states that he was sentenced to one year for the sex abuse and one year for the "shotgun" that he had. (*Id.*) As a result

---

[2] Plaintiff has not numbered the pages of the amended complaint. Thus, when the court refers to a page number, it is referring to the pagination assigned by the court's electronic filing system, CM/ECF.

3

of the sex abuse conviction, he was required to register as a sex offender for 10 years. (*Id.*) Plaintiff states that "before [his] sixteen months was over," he was supposed to appear before the sentencing court, but this did not happen. (*Id.*) Plaintiff states "that is why they keep arresting me . . . ." (*Id.*)

Plaintiff's original complaint contained additional details, describing his repeated arrests for failure to register which do not appear in the amended complaint.[3] However, the amended complaint alleges additional facts that were not in the original complaint and names additional defendants who were not in the original complaint.

The caption of the amended complaint lists only "defendant" Onondaga County Sex Offender Officer. (AC at p.1). However, in the "Parties" section of the complaint, plaintiff names new defendant "Sex Offender Officer,"[4] original defendant Assistant District Attorney Staci Dennis Taylor, and new defendant Attorney Robert Earl. (AC

---

[3] In his original complaint, plaintiff stated that his defense attorney and the Judge did not give him a chance to defend himself, and they forced him to plead guilty to sex abuse and a weapons charge, upon which he was sentenced to one year on each charge (Compl. ¶ 4 -Facts) (Dkt. No. 1). Plaintiff states that, as a result of the conviction, he was required to register as a sex offender for ten years, beginning January 20, 2000. (*Id.*)
    Plaintiff states that at the end of "those" sixteen (16) months, he was supposed to go back in front of the sentencing judge, "which never happened." (Compl. ¶ 5, Causes of Action). Plaintiff claims that although he had "completed" the sentence imposed by the trial court judge "after ten years," on March 27, 2009, he was arrested again and told that he had to do "20 years of register [sic]." (*Id.*) (First Cause of Action). Plaintiff then states that "now that I have the 20 years done, I have been arrested again saying I have to do life of register [sic]." (*Id.*) (Second Cause of Action). Plaintiff states that attorney Nikki Platenik "got in court and stated this case was suppose[ed] to have been droped [sic] and I was release and it was 2 years later." (*Id.*)
    Plaintiff states that "I am arrested again on the same charge failure to register with no sentencing minutes no transcrip [sic] and they held me for 10 months and release[d] me." (*Id.*) (Third Cause of Action). It appears that plaintiff alleges that three months later, he was arrested again, held for seven months and then released again. (*Id.*) Plaintiff then states "now here I am 7/25/19 arrested on the same charge failure to register with a very high bail waiting trial." (Id.)

[4] The original complaint named the Onondaga County Sex Offender Office. (Compl. at 1).

¶ 3(a) - 3(c)).

The "Causes of Action" in the amended complaint are not causes of action, but an extension of the Fact section. (AC ¶ 5). Plaintiff alleges that he "tried to tell these people nothing happen [sic] between this young woman and I [sic]." (AC ¶ 5) (First Cause of Action). Plaintiff essentially explains that he was not guilty of the sex abuse charge for which he plead guilty in 1999, and that his attorney[5] "set all this up because the parents had money." (*Id.*) The "Second Cause of Action" contains more of plaintiff's explanation and his problems with the 1999 conviction and subsequent registration requirements. (AC ¶ 5) (Second Cause of Action).

The "Third Cause of Action" adds new facts which were not in the original complaint. (AC ¶ 5) (Third Cause of Action). In this paragraph, plaintiff states that he had an accident, and now has multiple medical issues, but makes no claims regarding his medical condition. He ends the amended complaint by stating that he is "incarcerated for something he never did." (*Id.*) The attachments to the amended complaint consist of plaintiff's request for information regarding his criminal case, including sentencing transcripts and sentencing minutes from 1-20-2000. (AC - Attachments at p. 13).

In his prayer for relief, he requests that "this sex offender be remove [sic] because the [sic] sentence me to 10 years 17 years later they told me life statutes of

---

[5] Plaintiff's attorney from his 1999 charges, Lisa Giles, is not named as a defendant in either complaint.

5

limitations was over on that in 5 years this happen 4-17-99.[6] (AC ¶ 6). Plaintiff is also requesting $350 dollars per day for ten years, nine months, and 27 days.[7]

### III. Jurisdictional Basis

Plaintiff brings this action on a form reserved for cases brought under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Investigation*, 403 U.S. 388 (1971). *Bivens* established a cause of action for monetary damages resulting from the violation of a constitutional right by federal agents or employees, acting under color of *federal* law. *Arar v. Ashcroft*, 585 F.3d 559, 571-72 (2d Cir. 2009) (discussing history of *Bivens* actions).

One of the defendants in this action is an Assistant District Attorney in Onondaga County, and the other defendant is a county/state entity or officer. The final defendant appears to be a court-appointed private attorney. Thus, none of the defendants acts under color of federal law for purposes of *Bivens*. Clearly plaintiff filed both his original and his amended complains on the wrong forms. Because plaintiff is pro se, the court will interpret the complaint as raising claims under whatever basis is appropriate without regard to the form-complaint. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (pro se papers are interpreted liberally to raise the strongest arguments suggested therein).

---

[6] Plaintiff's sentences run together without punctuation, but based on the complaint and amended complaint, the court has interpreted this sentence loosely as follows: Plaintiff wishes his sex offender classification and registration requirements "removed," because he was originally required to register for ten years, but seventeen years later, he was told that he had to register for life. Plaintiff claims that the statute of limitations was "over on that in 5 years."

[7] Plaintiff's original complaint requested that he be released and that he be awarded $15 million dollars. (Compl. ¶ 6).

6

Section 1983 of Title 42 of the United States Code provides a cause of action for individuals who have had their constitutional or federal rights violated by a defendant acting under color of *state* law. 42 U.S.C. § 1983. Section 1983 is based upon an underlying violation of a constitutional right and does not provide a right of action in itself. *See Singer v. Fulton County Sheriff*, 63 F.3d 110, 119 (2d Cir. 2010) ("Section 1983 is only a grant of a right of action; the substantive right giving rise to the action must come from another source.")

To the extent that plaintiff could bring an action for damages with the facts that he alleges, the only proper basis for jurisdiction would be under section 1983.[8] The court will interpret plaintiff's action to have been brought under section 1983 and will proceed to analyze whether the action may proceed further.

## IV. Release from Confinement

### A. Legal Standards

Plaintiff may only bring a request for release from confinement in a petition for habeas corpus pursuant to 28 U.S.C. § 2254. *McFadden v. Pataki*, No. 17-CV-1048, 2017 WL 4350591, at *2 (S.D.N.Y. July 7, 2017) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973) (noting that writ of habeas corpus is sole remedy for prisoner seeking to challenge the fact or duration of his confinement)). Section 2254 requires that the inmate exhaust his state court remedies prior to seeking such relief, and plaintiff may not circumvent this requirement

---

[8] Plaintiff appears to be familiar with section 1983 because in one of the documents attached to his amended complaint, he states that he is filing a "1983 Bivens." Plaintiff has confused the two actions. (AC Attachment at 4).

7

by filing a section 1983 action. *Id.*

B. **Application**

In his original complaint, in addition to damages, plaintiff asked for release from his current confinement. Plaintiff does not make that specific request in the amended complaint, but he does ask that the sex "offender" be "removed," which could result in the plaintiff's release.[9] Release from confinement may not be obtained without the exhaustion of state court remedies under 28 U.S.C. § 2254. In the original complaint, plaintiff stated that he was currently incarcerated and awaiting trial. It, therefore, appears from the face of his complaint that he has not exhausted his state court remedies with respect to any challenges that he might have to his current incarceration.[10] The same is true to the extent that plaintiff might be attempting to

---

[9] The court notes that, to the extent that plaintiff is challenging the registration requirement itself, relating to the 1999 conviction, separate from his current incarceration it has been held that sex offender registration requirements are collateral consequences of a criminal conviction. *Rodriguez v. Attorney General*, No. 10 Civ. 3868, 2011 WL 519591, at *5-8 (S.D.N.Y. Feb. 15, 2011) (citations omitted). After the sentence has been served, the collateral consequences alone are insufficient to satisfy the "in custody" requirement of section 2254. *See Fowler v. Fischer*, No. 18 Civ. 2551766, at *2-3 (S.D.N.Y. May 30, 2019) (discussing cases). The court in *Fowler* stated that, although the Second Circuit has not decided this issue, several circuit courts of appeal have determined that the registration requirement alone does not satisfy the "in custody" requirement, making habeas corpus unavailable to the individual. *Id.* at *3-4 (citing cases). In this case, plaintiff's sentence of incarceration ended long ago, and any current registration requirement would not be sufficient to satisfy the "in custody" requirement which would be necessary to challenge the 1999 conviction. In any event, without engaging in a detailed discussion, the one-year statute of limitation to challenge the 1999 conviction would likely have expired long ago. 28 U.S.C. § 2244(d)(1).

[10] Although plaintiff may not be aware, or may not understand, the Sex Offender Registration Act ("SORA") in New York State, N.Y. Correct. Law §168 et seq., was amended in 2006. The New York State Legislature amended sections 168-h and 168-o. *Doe v. Cuomo*, 755 F.3d 105, 108-109 (2d Cir. 2014). The amendment to section 168-h increased the registration requirement for level one offenders from 10 to 20 years. *Id.* Section 168-o was amended to remove the language allowing a sex offender to petition the court for a modification of the level of notification. *Id.* at 109. In *Doe*, the court rejected constitutional challenges by level one sex offenders to the amendment increasing their registration requirement after their convictions and the imposition of sentence. *Id.* at 109-115. The

8

challenge his 1999 conviction and its alleged effect on his current situation. The amended complaint contains language which appears to explain plaintiff's innocence of the 1999 sex abuse charges. To the extent that plaintiff may be requesting release from confinement, the claim must be dismissed without prejudice at this time.

IV. *Heck v. Humphrey*

    A.    **Legal Standards**

Civil lawsuits may not be used to collaterally attack criminal convictions. *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a section 1983 action seeking damages is not cognizable if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction unless the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal habeas court. *Id.* at 486-87.

    B.    **Application**

To the extent that plaintiff seeks money damages and not release from confinement, the amended complaint must also be dismissed. He states that he is awaiting trial on his current charges. Thus, he cannot meet the requirement in *Heck* that his conviction has been reversed or called into question by a federal habeas court. The same is true to the extent that he is somehow attempting to challenge his 1999

---

court rejected an ex post facto challenge, a procedural due process challenge, a substantive due process challenge, an equal protection and Fourth Amendment challenge, and a claim that the increase in registration time violated the plaintiffs' plea agreements. *Id.* Plaintiff pled guilty in 1999, when the registration requirement was 10 years. However, prior to the expiration of those 10 years, the statute was amended to require 20 years of registration. This amendment may be the explanation for plaintiff's claim that his registration requirement was "increased" in 2009, when he should have been completing his requirements. Based on *Doe*, there is no avenue for plaintiff to challenge that increase.

9

conviction or the effect that it may be having on his current incarceration.

V. **Prosecutorial Immunity**

A. **Legal Standards**

Prosecutors enjoy absolute immunity from suit under section 1983 in matters associated with their prosecutorial functions, regardless of motivation. *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts associated with the prosecutor's function, including conspiracies to present false evidence); *Bernard v. County of Suffolk*, 356 F.3d 495 (2d Cir. 2004) (absolute immunity shields prosecutors from suit pursuant to section 1983 for their alleged malicious or selective prosecution as well as for any misconduct in the presentation of evidence to the grand jury).

Absolute immunity is defeated only when the prosecutor is engaging in investigative functions. *Bernard v. County of Suffolk*, 356 F.3d at 502-503 (citation omitted). The initiation and pursuit of prosecution, regardless of any alleged illegality, is protected by absolute prosecutorial immunity. *Peay v. Ajello*, 470 F.3d 65, 67-68 (2d Cir. 2006). It has also been held that a prosecutor is entitled to absolute immunity for his or her decision not to prosecute, regardless of the motivation for that decision. *Scloss v. Bouse*, 876 F.2d 287, 292 (2d Cir. 1989).

B. **Application**

In both complaints plaintiff has named Assistant District Attorney Staci Dennis as an individual defendant in this action. Although plaintiff has named defendant Dennis in the caption of the complaints, he does not mention her at all in the facts or

anywhere else in the body of either complaint. Personal involvement is a prerequisite to liability in a section 1983 action. *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003). In addition to the requirement that any defendant in a section 1983 complaint be "personally involved" in the alleged constitutional violations, as an assistant district attorney, defendant Dennis would be absolutely immune from any damage claim made by plaintiff to the extent that she was performing a prosecutorial function. Since plaintiff has not even mentioned this defendant in the body of the complaint or the amended complaint, the court cannot determine whether she would be entitled to absolute or qualified immunity, but the claim would have to be dismissed in any event based on the lack of alleged personal involvement.

## VI. Municipal Liability

### A. Legal Standards

A municipality may not liable pursuant to section 1983 under the theory of respondeat superior, but may be only liable where its employee acted pursuant to an official policy, custom, or practice. *See Monell v. Dep't of Soc. Serv. of the City of New York*, 436 U.S. 658, 694–95 (1978); *Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406, 408 (2d Cir.1990). A policy, custom or practice may "be inferred where the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction." *Kern v. City of Rochester*, 93 F.3d 38, 44 (2d Cir.1996)) (internal quotation marks omitted).

### B. Application

The court notes that in his original complaint, plaintiff appears to have named the

Onondaga County Sex Offender *Office* as a defendant. In the amended complaint, he writes "officer." To the extent that plaintiff was attempting to sue the "office," it is well-settled that an administrative arm of a municipality, such as the Police Department or the Onondaga County Sex Offender Office, to the extent that such an "Office" exists, "cannot sue or be sued because it does not exist separate and apart from the municipality and does not have its own legal identity." *Leland v. Moran*, 100 F. Supp. 2d 140, 145 (N.D.N.Y. 2000) (internal quotation omitted). *See also Clayton v. City of Kingston*, 44 F. Supp. 2d 177, 183 (N.D.N.Y.1999).

Plaintiff has failed to allege any facts in either complaint that would remotely state a claim for municipal liability in this case.[11] Thus, the amended complaint must be dismissed with prejudice as against the Sex Offender "Office," and to the extent that plaintiff's claim may be interpreted as a claim against Onondaga County, based on plaintiff naming the Onondaga County Sex Offender Office, the complaint must be dismissed without prejudice.

---

[11] A municipality may only be named as a defendant in certain circumstances. In *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), the Supreme Court outlined the limited circumstances under which a municipality may be liable under Section 1983. A municipality may not be held liable solely because it employs a tortfeasor. *LaVertu v. Town of Huntington*, No. 13-CV-4378, 2014 WL 2475566, at *3 (E.D.N.Y. Apr. 4, 2014) (citing inter alia *Los Angeles County, Cal. v. Humphries*, 562 U.S. 29, 35 (2010)), (Rep.-Rec*.), adopted in relevant part*, 2014 WL 2506217 (E.D.N.Y. June 2, 2014). Only when the municipality, through the execution of its policies, actually deprives an individual of his constitutional rights, is it liable for the injury. *Monell*, 436 U.S. at 694.

To establish municipal liability, the policy must actually cause the violation of constitutional rights; it must be the moving force behind the violation. *Id*.; *Dominguez v. Beame*, 603 F.2d 337, 341 (2d Cir. 1979). Official policy includes the decisions of a government's lawmakers, the acts of policymaking officials, and practices that are so widespread as to "practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Municipal liability may also be shown by establishing that a policymaking official ordered or ratified the employees' actions either expressly or tacitly. Finally, municipal liability can, under certain circumstances, be based upon a failure to properly train the municipality's employees. *See City of Canton v. Harris*, 489 U.S. 378, 387-90 (1989).

To the extent that the plaintiff is now attempting to name an "officer," he has not indicated who that "officer" might be or how the "officer" was personally involved in any of the conduct alleged by plaintiff. Thus, the amended complaint would have to be dismissed without prejudice as against an unidentified "officer," who is not alleged to have engaged in any unconstitutional conduct.

## VI. Defense Counsel

### A. Legal Standards

It is well-settled that even a court-appointed defense attorney does not act under color of state law for purposes of section 1983. *Sash v. Rosahn*, 450 F. App'x 42 (2d Cir. 2011); *Jhagroo v. Santos*, No. 19-CV-2037, 2019 WL 1876723, at *2 (E.D.N.Y. Apr. 26, 2019) (citations omitted).

### B. Application

In his amended complaint, plaintiff has named Attorney Robert Earl, Esq. as a defendant. First, Attorney Earl is not mentioned anywhere in the body of the complaint, so it is impossible to know what plaintiff's claims against the attorney might be. The only reason that the court knows that Attorney Earl may currently represent the plaintiff is that the first response to one of the administrative requests attached to the amended complaint states that "Your attorney is Robert Earl . . . ." (AC Attachment at 1). Thus, there is no allegation of the "personal involvement" of Attorney Earl.

In any event, as stated above, plaintiff's criminal attorney does not act under color of state law, and there is no jurisdiction under section 1983 to sue him. Thus, the amended complaint must be dismissed as against Attorney Earl for lack of jurisdiction.

## VII. Opportunity to Amend

### A. Legal Standards

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

### B. Application

While this court is recommending dismissal without prejudice, plaintiff would not be able to amend at this time based on *Heck* and based on the impropriety of requesting release in a civil rights action. No amendment at this time is available to plaintiff to cure the deficiencies in his complaint. Therefore, the court is recommending dismissal of some of the complaint without prejudice, but without the opportunity to amend at this time.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's request to proceed IFP (Dkt. No. 3) is **GRANTED** for purposes of filing only, and it is

**RECOMMENDED**, that the amended complaint be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE** as against the **ONONDAGA COUNTY SEX OFFENDER OFFICE**, based upon 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, and it is

**RECOMMENDED**, that the amended complaint be **DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE as against DEFENDANT ROBERT EARL, ESQ.**, based on lack of subject matter jurisdiction, and it is

**RECOMMENDED**, that the amended complaint be **DISMISSED WITH PREJUDICE** against defendant **DENNIS** to the extent that defendant Dennis was acting in her prosecutorial capacity based upon absolute immunity under 28 U.S.C. § 1915(e)(2)(B)(iii), and it is

**RECOMMENDED**, that the remainder of the complaint be **DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE**, based upon 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, but without opportunity to amend at this time, and it is

**ORDERED**, that the Clerk serve a copy of this Order and Report-Recommendation on plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: December 13, 2019

Hon. Andrew T. Baxter
U.S. Magistrate Judge